CONSTANGY, BROOKS, SMITH & PROPHETE LLP
JASMINE L. ANDERSON (SBN 252973)
janderson@constangy.com
CHRISTIN A. LAWLER (SBN 272607)
clawler@constangy.com
601 Montgomery Street, Suite 350
San Francisco, CA 94111
Telephone: (415) 918-3000
Facsimile: (415) 918-3009

CONSTANGY, BROOKS, SMITH & PROPHETE LLP
NATALIE TORBATI MEINHARDT (SBN 301663)
ntorbati@constangy.com
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 909-7775

*Attorneys for Defendant*
BB OPCO LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL MOSLEY, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BB OPCO, LLC dba BROOKS BROTHERS, a Delaware limited liability company, BROOKS BROTHERS GROUP, INC., a Delaware corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.<br><br>*[Removed from Riverside Superior Court Case No. CVRI2105755]*<br><br>**DEFENDANT BB OPCO LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§1332, 1441(B) (DIVERSITY)**<br><br>Complaint Filed: December 22, 2021 |

-1-
NOTICE OF REMOVAL

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332 and 1441(b), Defendant BB OpCo LLC ("BB OpCo" or "Defendant") hereby removes to this Court the State Court action described below:

1. On December 22, 2021, Plaintiff commenced an action in the Superior Court of the State of California, County of Riverside entitled RACHEL MOSLEY, an individual, Plaintiff, v. BB OPCO, LLC dba BROOKS BROTHERS, a Delaware limited liability company, BROOKS BROTHERS GROUP, INC., a Delaware corporation, and DOES 1 through 100, inclusive, Defendants, Case Number CVRI2105755 ("Complaint").

2. On or about December 27, 2021, BB OpCo received a copy of the Summons and Complaint after Plaintiff personally served a copy of the Summons and Complaint on BB OpCo. A true and correct copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

3. On January 24, 2022, Defendant filed and served its Answer to the Complaint. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit 2**.

4. This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to the Court by Defendant pursuant to the provisions of 28 U.S.C. § 144(b), in that it is a civil action in which the matter in controversy exceeds the sum of $75,000.00, exclusive of interests and costs. This is also a civil action that is between citizens of different states.

5. Plaintiff is a citizen of the State of California. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State*

*Farm Mutual Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994). At this time of the filing of this action, and at the time of removal, Plaintiff was (and still is) a resident of the State of California. (Complaint ¶ 3.)

6. At the time of filing this action, and at the time of this removal, Defendant BB OpCo LLC is a Delaware Limited Liability Company. The sole member of BB OpCo LLC is SPARC Group BB Holdings LLC. SPARC Group BB Holdings LLC is a Delaware Limited Liability Company. None of SPARC Group BB Holdings LLC's members are citizens of California.

7. The citizenship of a limited liability company is determined by the citizenship of its "members." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant BB OpCo LLC is not a citizen of California because its members are not citizens of California. Therefore, there is complete diversity of citizenship between all remaining named parties to this action.

8. Plaintiff's Complaint also names as defendants "DOES 1-100, inclusive." However, the citizenship of defendants sued under fictitious names must be disregarded for the purposes of determining diversity jurisdiction. 28 U.S.C. § 1441(a); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) (holding that the district court was correct in only considering the citizenship of named defendants as provided by 28 U.S.C. § 1441(a)).

9. The amount in controversy in this action, exclusive of interest and costs, is more than $75,000.00, based on the following:

10. Defendant denies any and all liability alleged in this action and denies that Plaintiff is entitled to recover any damages whatsoever, including, but not limited to, an award of reasonable attorneys' fees. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because it is "more likely than not" that the amount in controversy exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

-3-
NOTICE OF REMOVAL

In determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of claims for compensatory and punitive damages. *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 230, 240 (1943) (amount in controversy requirement met if plaintiff "might recover" award for compensatory and punitive damages in excess of amount in controversy requirement); *Simmons v. PCR Tech*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (aggregating claims for compensatory damages, punitive damages, and attorneys' fees in determining amount in controversy). Plaintiff's failure to specify the amount of damages sought does not deprive this Court of jurisdiction. *Simmons*, 209 F. Supp. 2d at 1031; *White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W. Va. 1994) (defendant may remove suit to federal court notwithstanding plaintiff's failure to plead a specific dollar amount in controversy; if rules were otherwise, "any plaintiff could avoid removal simply by declining…to place a specific dollar value upon its claim."). Here, the damages requested by Plaintiff "more likely than not" exceed $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

11. <u>Claimed Damages</u>. The Complaint asserts the following fourteen causes of action: (1) Failure to Pay Overtime and Double Time Wages (Cal. Lab. Code §§ 510, 1194 and 1198); (2) Failure to Pay Meal Break Compensation (Cal. Lab. Code §§ 226.7, 512(a), and 1198 *et seq.*); (3) Failure to Pay Rest Break Compensation (Cal. Lab. Code §§ 226.7 and 1198 *et seq.*); (4) Retaliation and Wrongful Termination (Cal. Lab Code § 98.6); (5) Retaliation and Wrongful Termination (Cal. Lab. Code § 232.5); (6) Retaliation and Wrongful Termination (Cal. Lab. Code § 6310); (7) Retaliation and Wrongful Termination (Cal. Lab. Code § 1102.5); (8) Retaliation and Wrongful Termination in Violation of Public Policy; (9) Failure to Furnish and Maintain Accurate Wage and Hour Statements (Cal. Lab. Code §§ 226 and 1174); (10) Failure to Pay Wages Upon Discharge (Cal. Lab. Code §§ 201 and 202, *et seq.*); (11) Violation of California Business & Professions Code §§ 17200, *et seq.*); (12)

Waiting Time Penalties (Cal. Lab. Code §§ 201, 202 and 203); (13) Failure to Provide Personnel Records (Cal. Lab. Code §§ 226, 432, and 1198.5); and (14) Violation of Private Attorney General Act of 2004. Plaintiff seeks (1) actual damages, including loss of past and future earnings; (2) general and special damages, including pain and suffering, emotional distress, and loss of reputation; (3) unpaid wages, (4) attorneys' fees; and (5) PAGA penalties, among other damages.

12. Plaintiff earned a fixed annual salary of $60,000 (which equals $5,000 per month). (Complaint ¶ 15.) She resigned from BB OpCo on or about April 4, 2021. Approximately 10 months have passed between the time of Plaintiff's resignation and the filing of this Notice of Removal. Therefore, the amount of Plaintiff's alleged lost wages is approximately $50,000.

13. If this matter were to proceed to trial, it is likely that a verdict would not be rendered until January 2023. If Plaintiff prevails on her retaliation claim pursuant to the California Labor Code, she may recover "back pay" from the date of the adverse employment action through the verdict and "front pay" for her future lost earnings. Through January 2023, Plaintiff's back pay is calculated at approximately $105,000 ($5,000 per month x 21 months), even without consideration of the loss employment benefits Plaintiff seeks.

14. Plaintiff is also seeking emotional distress damages. (Complaint Prayer for Relief, ¶ 2.) Emotional distress damages may be considered when calculating the amount in controversy, even where not clearly pled in the complaint. *Simmons*, 209 F. Supp. 2d at 1034; *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 451 (S.D. Cal. 1995) ("the vagueness of plaintiffs' pleadings with regard to emotional distress damages should not preclude this Court from noting that these damages are potentially substantial.")

15. Plaintiff's Complaint alleges a claim for failure to pay overtime. (Complaint ¶¶ 50-54.) She alleges that starting in March 2020, she worked at least

10 hours per day, six days per week. (Complaint ¶ 20). Assuming an hourly rate of $28.85 (the equivalent of $60,000 annually), Plaintiff has alleged approximately $29,600.10 in unpaid overtime. (($28.85/hour x 1.5) x 2 hours per day x 6 days/week x 57 weeks).

16. Plaintiff seeks alleged permissible attorneys' fees. In determining whether the amount in controversy exceeds $75,000, this Court may estimate the amount of reasonable attorneys' fees Plaintiff will incur through trial. *See Galt v. JSS Scandanavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (holding that attorneys' fees may be taken into account to determine jurisdictional amounts "if a statute authorizes fees to a successful litigant."); *see also Brady v. Mercedes USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002). Attorneys' fees tend to be high in employment law cases. *Simmons*, 209 F. Supp. at 1035 (noting that in the court's experience, attorneys' fees in employment law cases often exceed the damages). Assuming a reasonable rate of $300 per hour, Plaintiff's counsel would only need to spend about 250 hours (about 6.25 weeks) litigating this matter to incur $75,000 in attorneys' fees ($300 x 375 = $75,000).

17. Jury Verdicts/Settlements. Finally, Defendant may establish the amount in controversy through submitting evidence of jury verdicts in similar cases. *Surber v. Reliance Nat'l Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000) ("a party asserting federal diversity jurisdiction may introduce evidence of jury verdicts in cases involving analogous facts.") Research conducted in similar cases reveal several matters in which the jury awarded over $75,000 in damages to successful plaintiffs. *See* **Exhibit 10**.

18. Plaintiff's Statement of Damages. On January 13, 2022, Plaintiff filed a Statement of Damages. In her Statement, she claims a total of $1,519,903.52 in alleged damages, not including $1,250,000.00 million in alleged punitive damages.

A true and correct copy of Plaintiff's Statement of Damages is attached hereto **Exhibit 8**.

19. All papers filed and served in this action are attached hereto as **Exhibit 1** through **Exhibit 9**.

20. This Notice of Removal has been timely filed within the time provided by 28 U.S.C. § 1446(b), in that it was filed within 30 days of service of the Complaint upon Defendant, the first "paper" in the case establishing the grounds for removal of this action based on diversity of citizenship.

21. Assignment to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1441(a) and 1391(a) is proper because the civil action is pending within a county within this District, and this is the judicial district in which the action arose.

22. For all of the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

WHEREFORE, Defendant prays that this action now pending against it in the Superior Court of the State of California for the County of Riverside be removed therefrom to this Court.

Dated: January 26, 2022  Respectfully submitted,

CONSTANGY, BROOKS, SMITH & PROPHETE LLP

By: /s/ *Jasmine L. Anderson*
    Jasmine L. Anderson
    Christin A. Lawler
    Natalie Torbati Meinhardt
    *Attorneys for Defendant*
    BB OPCO LLC