# EXHIBIT 1

Electronically FILED by Superior Court of California, County of Riverside on 12/22/2021 01:38 PM
Case Number CVRI2105755 0000006755368 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk

**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

| | |
|---|---|
| | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BB OPCO, LLC dba BROOKS BROTHERS, a Delaware limited liability company, BROOKS
BROTHERS GROUP, INC., a Delaware corporation, and DOES 1 through 100, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
RACHEL MOSLEY, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside Historic Courthouse<br>4050 Main Street<br>Riverside, CA 92501 | CASE NUMBER: *(Número del Caso):*<br>CVRI 21 05755 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Dean S. Ho, Esq. (SBN 297357), 7545 Irvine Center Dr., Ste. 200, Irvine, CA 92618, (949) 954-8181

| DATE:<br>*(Fecha)* 12/22/2021 | Clerk, by<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* BB OPCO, LLC dba BROOKS BROTHERS, a Delaware limited liability company

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☒ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):* DEC 27 2021

GC68150(g)

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 12/22/2021 01:38 PM
Case Number CVRI2105755 0000006755365 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Amia Brown, Clerk

1

**OPTIMUM EMPLOYMENT LAWYERS**

2
Dean S. Ho, Esq. (SBN 297357)
7545 Irvine Center Dr., Suite 200

3
Irvine, California 92618
Telephone: (949) 954-8181

4
Facsimile: (949) 335-6106
Email: *dean@employees-lawyer.com*

5

6
Attorney for Plaintiff
RACHEL MOSLEY

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                          **FOR THE COUNTY OF RIVERSIDE**

10

11

12   RACHEL MOSLEY, an individual,

Case No.: CVRI2105755

13                    Plaintiff,

**COMPLAINT FOR DAMAGES**

14          v.

15
BB OPCO, LLC dba BROOKS BROTHERS, a

16   Delaware limited liability company, BROOKS
BROTHERS GROUP, INC., a Delaware

17   corporation, and DOES 1 through 100, inclusive,

18                    Defendants.

1. Failure to Pay Overtime and Double Time Wages (Cal. Lab. Code §§ 510, 1194, and1198);
2. Failure to Pay Meal Break Compensation (Cal. Lab. Code §§ 226.7, 512(a), and 1198 *et seq.*);
3. Failure to Pay Rest Break Compensation (Cal. Lab. Code §§ 226.7 and 1198 *et seq.*);
4. Retaliation and Wrongful Termination (Cal. Lab. Code § 98.6);
5. Retaliation and Wrongful Termination (Cal. Lab. Code § 232.5);
6. Retaliation and Wrongful Termination (Cal. Lab. Code § 6310);
7. Retaliation and Wrongful Termination (Cal. Lab. Code § 1102.5);
8. Retaliation and Wrongful Termination in Violation of Public Policy;
9. Failure to Furnish and Maintain Accurate Wage and Hour Statements (Cal. Lab. Code §§ 226 and 1174)
10. Failure to Pay Wages Upon Discharge (Cal. Lab. Code §§ 201 and 202, *et seq.*);

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

11. Violation of California Business & Professions Code §§ 17200, *et seq.*;
12. Waiting Time Penalties (Cal. Lab. Code §§ 201, 202 and 203;
13. Failure to Provide Personnel Records (Cal. Lab. Code §§ 226, 432, and 1198.5); and
14. Violation of Private Attorney General Act of 2004.

**DEMAND FOR JURY TRIAL**

Plaintiff RACHEL MOSLEY ("Plaintiff") hereby submits this Complaint against Defendants BB OPCO, LLC dba BROOKS BROTHERS, a Delaware limited liability company; BROOKS BROTHERS GROUP, INC., a Delaware corporation; and DOES 1 through 100, inclusive (collectively "Defendants"), and each of them, and alleges as follows:

**JURISDICTION**

1.      This Court has personal jurisdiction over Defendants because Defendants engaged in wrongful conduct in the State of California, which caused harm to Plaintiff in this state.

2.      Venue is proper in this Court, because Defendants employ persons in this county, employed Plaintiff in this county, and thus a substantial portion of the occurrences related to this action occurred in this county. Cal. Civ. Proc. Code § 395.

**THE PARTIES**

3.      Plaintiff RACHEL MOSLEY is an individual and a citizen of the State of California. Plaintiff's claims arose, at least in part, in the County of Riverside, California.

4.      Defendant BB OPCO, LLC dba BROOKS BROTHERS ("OPCO"), is a Delaware limited liability company, organized and existing to do business under the laws of the State of Delaware, with a business address in Lyndhurst, New Jersey.

5.      Defendant BROOKS BROTHERS GROUP, INC. ("BBG"), is a Delaware corporation, organized and existing to do business under the laws of the State of Delaware, with a business address in Enfield, Connecticut.

6.      Defendants OPCO, BBG, and DOES 1-100, are collectively referred to herein as "Defendants."

7.      Plaintiff is informed and believes and thereon alleges that at all times herein mentioned Defendants and DOES 1 through 100, are and were individuals, sole proprietorships, corporations, business entities, persons, and partnerships, licensed to do business and/or actually doing business in the State of California.

8.      Plaintiff is unaware of the true names and capacities and is informed and believes and thereon alleges that at all times herein mentioned Defendants and DOES 1 through 100, are and were individual, corporate, associate, or otherwise, of the defendants sued as DOES 1 through 100, inclusive.  They are unknown to Plaintiff and therefore Plaintiff sues them by such fictitious names.  Plaintiff will amend this complaint to allege their true names and capacities when they become known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 100, inclusive, are indebted to Plaintiff as hereinafter alleged, and that Plaintiff's rights against such fictitiously named defendants arise from such indebtedness.

9.      Plaintiff is informed and believe and, on that basis, alleges that each of the Defendants sued in this action, including each defendant sued by the fictitious names DOES 1 through 100, inclusive, are responsible and liable in some manner for the occurrences, controversies and damages alleged below.

**JOINT LIABILITY**

10.      Unless otherwise indicated herein, each Defendant herein sued is the agent, co-conspirator, joint venture, general employer, special employer, dual employer, partner,  successor in interest, predecessors in interest, and/or employee of every other Defendant and, as alleged, has been acting within the course and scope of said agency, conspiracy, joint venture, dual employment, joint employment, partnership, and/or employment with the knowledge and/or consent of co-Defendants, and each of them.  Moreover, Plaintiff is informed and believes, and thereon alleges, that each Defendant has authorized and/or ratified the wrongful activities of each of the remaining Defendants.

11.     At all times herein mentioned, Defendants, including all Defendants' managing agents, officers and directors, had advanced knowledge of and/or ratified each and every act or omission complained throughout this complaint.  At all times relevant herein, Defendants and/or their managing agents, officers or directors committed and/or participated in the wrongful acts and omissions complained of throughout this complaint or ratified such acts and omissions. At all times herein mentioned, the Defendants aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages as herein alleged.

## CORPORATE LIABILITY FOR PUNITIVE DAMAGES

12.     Defendants conduct, as described herein, was malicious, fraudulent, oppressive, mean, vile, despicable, and in conscious disregard of Plaintiff's rights and was undertaken by their officers, directors, and/or managing agents, and/or pursuant to policies and procedures adopted by their officers, directors, and/or managing agents as those terms are used in Civil Code, §§ 3294 and 3295 for purposes of establishing corporate liability for punitive damages.

13.     Further Defendants had advance knowledge of the malicious, fraudulent, and/or oppressive activities of the individual perpetrators whose actions and conduct were authorized, approved, and/or ratified by Defendants' directors, officers, and/or managing agents.

## FACTUAL ALLEGATIONS

14.     Defendants own and operate various clothing retail stores throughout the United States, including Brooks Brothers. Defendants also maintain an online presence, including www.brooksbrothers.com.

15.     Plaintiff began working for Defendants on July 28, 2014 as an Assistant Store Manager. From July 28, 2014 to July 4, 2016, Plaintiff was paid on an hourly basis. On July 5, 2016, Plaintiff was promoted to Store Manager at the Desert Hills location ("Cabazon store"). As Store Manager, Plaintiff was paid a fixed salary of $60,000.00 per year, regardless of the number of hours she worked.

16.     Throughout her employment with Defendants, Plaintiff was a diligent and hard-working employee. Throughout her time at the Cabazon store, Plaintiff helped turn the Cabazon store from a low-performing store to a top-performing store in terms of total sales and volume of

1  sales.

2       17.    Throughout Plaintiff's employment with Defendants as a salaried Store Manager,

3  Plaintiff was misclassified as an exempt employee.

4       18.    While Plaintiff performed some managerial duties such as submitting employee

5  time records and supervising employees, Plaintiff spent more than fifty (50) percent of her time

6  performing non-managerial duties, such as helping customers in the retail store, taking customer

7  orders, cleaning and organizing the store, working in the back stockroom, working the cash

8  register, and opening and closing the store.

9       19.    Although Plaintiff's job title was Store Manager, Plaintiff performed the same

10  duties of all employees, regardless of job title. In fact, Plaintiff was the highest performer at the

11  Cabazon store in terms of associate-level sales and spent more time as a floor-level retail associate

12  than any other associate employee. Plaintiff was also required to travel to other stores to help

13  perform inventory, assist with store moves, and participate in store openings and closings. At

14  times, and as discussed further below, for prolonged periods of time, Plaintiff was the only

15  employee in the store.

16       20.    Throughout Plaintiff's employment, Plaintiff regularly worked more than eight (8)

17  hours a day and more than forty (40) hours per week. Prior to March 2020, the start of the Covid-

18  19 pandemic, Plaintiff worked, on average, ten (10) to twelve (12) hours per day, seven (7) days

19  per week. Less frequently, Plaintiff worked, on average, ten (10) to twelve (12) hours per day, six

20  (6) days per week. However, as discussed more fully below, after Defendants reopened the

21  Cabazon store following the Covid-19 pandemic, Plaintiff's work hours increased and Plaintiff was

22  afforded with very few, if any, days off.

23       21.    Although Plaintiff consistently worked more than forty (40) hours per week and

24  more than five (5) days per week and Defendants had knowledge that Plaintiff consistently worked

25  more than forty (40) hours per week and more than five (5) days per week, Defendants instructed

26  Plaintiff to write on her timesheet that she worked forty (40) hours per week. Specifically,

27  Defendants instructed Plaintiff to write that she worked five (5) days per week from 8:00 am to

28  4:00 pm. On one occasion, when Plaintiff asked if she could clock in and out to keep track of her

1  hours, Defendants told her that she could not, as she was an exempt employee.

2      22.    Throughout her employment with Defendants, Plaintiff was not afforded proper and

3  timely meal or rest breaks due to the demands and directives of Defendants. Plaintiff was also not

4  afforded with a second meal break on days where she worked more than ten (10) hours per day.

5      23.    Further, Plaintiff was not compensated for any overtime or double time hours

6  worked and was not provided accurate wage statements. On multiple occasions, Plaintiff

7  complained about not being compensated for overtime hours and Defendants always stated that

8  Plaintiff was paid a salary regardless of the number of hours she worked.

9      24.    Around the time Plaintiff became Store Manager, Defendants stopped using a third-

10  party inventory company that would perform the Cabazon store's annual inventory process. As a

11  result, Plaintiff was assigned inventory duty and for a few days in early February every year,

12  Plaintiff would work over sixteen (16) hours a day.

13      25.    The Cabazon store was closed for business due to Covid-19 from March 2020 to

14  September 2020. When the Cabazon store re-opened in September 2020, Defendants had several

15  meetings with Plaintiff about re-opening the Cabazon store. Plaintiff was assigned to work with

16  one employee. From the re-opening of the Cabazon store until Plaintiff's last day of work, due to

17  employees taking leave, being out with Covid-19, quitting, or otherwise not available to work, the

18  Cabazon store was continually understaffed and Plaintiff was continually overworked.

19      26.    The Cabazon store was a high-volume store and processed a large number of bulk

20  item sales, sometimes involving 5,000 to 20,000 units at a time. On multiple occasions, Plaintiff

21  made various complaints to Defendants during her employment about inventory control, health and

22  safety issues regarding inventory, lack of physical space for inventory, and unsafe working

23  conditions.

24      27.    In or around November 2020, the Fire Marshall came to the Cabazon store and

25  stated that various items were too close to the ceiling, that there was not enough walking space to

26  go through the back door and the bathroom, there were too many boxes in the way, and made

27  various comments about safety issues. Plaintiff complained to Defendants about the health and

28  safety of the store and that Plaintiff was overburdened, overworked, and not paid adequately.

28.     From September 2020 to December 2020, Plaintiff was the only employee working at the Cabazon store. Defendants knew that Plaintiff was the only employee and stretched extremely thin. Plaintiff was afforded with very few days off, if any, and Defendants repeatedly told Plaintiff that she could not take time off as she needed to be present in the store. By way of example, Plaintiff worked every day in September 2020, working well over ten (10) hours a day.

29.     On multiple occasions, Plaintiff reached out to her District Manager, Jennifer Cure ("Cure"), and corporate complaining about being overworked and about not being paid overtime. Plaintiff asked Cure for help and additional staff to no avail. Plaintiff asked corporate if she could use a staffing agency to alleviate the staffing shortage. Corporate rejected the idea and told Plaintiff to hire friends and family, if need be. Despite Plaintiff's multiple pleas for help and requests for additional staff, Plaintiff was left to handle all of the store's responsibilities herself.

30.     Defendants' response to Plaintiff on multiple occasions was that Plaintiff was a salaried employee, was paid the same regardless of how much she worked, and was not required to take meal breaks or rest breaks.

31.     Further, Defendants did not allow Plaintiff to take many days off, if any days at all, and told Plaintiff that she needed to be present in the store. Even during the holidays, Defendants would not allow Plaintiff to close the store to take time off.  As a result, Plaintiff worked on Thanksgiving, Christmas Eve, and Christmas day.

32.     As a result of the constant understaffing, Plaintiff continued to work excessive hours and perform tasks of all positions to ensure the store was properly operated and maintained to Defendants' standards. In addition to performing all tasks associated with running the Cabazon store, Plaintiff continued to tend to customers and take orders, and there were times when Plaintiff could not even take a restroom break.

33.     Specifically, and with regards to complaints concerning unpaid overtime, Plaintiff requested that she be allowed to clock in and clock out. Defendants denied Plaintiff's request and told Plaintiff on multiple occasions that she was not allowed to clock in and clock out. Defendants maintained a timesheet for Plaintiff that always indicated her hours as eight (8) a.m. to four (4) p.m., whether or not those were the actual hours worked by Plaintiff.

34.     Similarly, Plaintiff did not clock in or out for meal breaks.

35.     On another occasion, Plaintiff complained to her new District Manager, Tina Von-Velasco ("Von-Velasco"), about working so much overtime and asked to be compensated for overtime. Von-Velasco denied the request and essentially blamed Plaintiff for working so much.

36.     On February 5, 2021, after getting less than two (2) hours of sleep, Plaintiff texted Von-Velasco that Plaintiff had been working at the store since 9:00 a.m. to 4:00 am the previous day, that Plaintiff was missing seven (7) staff members, that an employee had quit a couple of days ago, that Plaintiff had 33,000 units to look through, that Plaintiff may need to close the Cabazon store that day to complete inventory, and that Plaintiff would be working until 10:00 p.m. that day. Plaintiff texted, "I'm so Exhausted (sic) I worked almost 24 hours."

37.     Also, on February 5, 2021, Plaintiff emailed Defendants' payroll administrator with complaints regarding the excess overtime she had been working and for which she was not being paid. Plaintiff received a reply only stating that she was an exempt employee.

38.     Immediately after, on that same day, Von-Velasco wrote Plaintiff up. Plaintiff was written up for failure to hold her team accountable to dress code standard, failure to maintain store safety and security standards, failure to maintain store security practices and protect company assets, failure to maintain store merchandising/store standards, failure to fill open positions in a timely manner, failure to follow store manager guidelines and scheduling practices, and personal performance standards. Each of these alleged reasons for Plaintiff's write up lacked merit entirely. In fact, Plaintiff requested on many occasions that she be allowed to hire additional staff and each of these requests was denied. Further, Plaintiff previously complained to Defendants about the various safety issues to no avail.

39.     On February 25, 2021, Von-Velasco visited the Cabazon store and instructed Plaintiff to clean up inventory, despite knowing of the staffing shortage and excessive hours that Plaintiff had worked and complained about. Von-Velasco offered no assistance or additional resources.

40.     Defeated, worn-down, and distraught, Plaintiff continued to put forth her best efforts to meet the demands and directives of Defendant. Starting that day, Plaintiff undertook the

-8-
COMPLAINT

1   monumental task of organizing tens of thousands of units and reorganizing the entire storage room

2   herself. Over the course of five (5) days of virtually non-stop work, Plaintiff hammered, moved,

3   reorganized, installed, and reconfigured boxes and shelves. By the end, Plaintiff's hands were

4   numb, bruised and a discolored red and purple, and swollen. Plaintiff notified Von-Velasco of her

5   injury.

6        41.    On or about March 4, 2021, SPARC Group LLC's Regional Vice President, Barbie

7   Harris ("Harris"), visited the Cabazon store for an inspection and walkthrough. Upon seeing

8   Plaintiff's bruised and bandaged hand and cuts all along her knuckles, Harris commented that

9   Plaintiff's hand looked bad and that Plaintiff looked burnt out. During Harris' visit, Plaintiff again

10  repeated her complaints as set forth herein. Plaintiff again asked for assistance and asked if she was

11  able to take days off. Harris stated she could not, that Plaintiff's store was a problem store, and that

12  Plaintiff was lucky to be employed during the pandemic.

13       42.    On March 8, 2021, Von-Velasco wrote Plaintiff up for asking to take a Friday and

14  Saturday off. Von-Velasco reprimanded Plaintiff and told her taking days off was "not good for

15  business." Plaintiff's write-up continued to state, "Failure to be present on high volume days

16  (Saturday) is contradictive to Brooks Brothers Store Manager Scheduling guidelines and does not

17  reflect the sound business judgment as a Store Manager."

18       43.    Later that day, Plaintiff emailed Richard Brasley ("Brasley"), Director of Human

19  Resources, disclosing all of Plaintiff's concerns and provided evidence that Plaintiff's write-up was

20  incorrect and unjustifiable. Brasley and Plaintiff arranged a phone call.

21       44.    On or about March 10, 2021, Plaintiff spoke to Brasley and communicated to

22  Brasley that she is the only salaried store manager in her district and working excessive overtime

23  without compensation. Plaintiff complained that Lucky and Nautica Store Managers were not

24  salaried and did not work overtime and that Defendants knew that Plaintiff worked unreasonable

25  and excessive hours, and was still written up and told she was underperforming. Brasley reiterated

26  to Plaintiff that she was an exempt employee.

27       45.    Around this time Plaintiff began experiencing extreme anxiety and began

28  experiencing bouts of dizziness and anxiety attacks. Plaintiff began to realize that nothing would

1   change and that continuing to work under these conditions would continue to damage her physical,

2   emotional, and mental well-being to the point of irreparable damage.

3       46.     On or about March 15, 2021, Plaintiff requested her personnel file, payroll records,

4   and documents bearing her signature pursuant to Labor Code §§ 226(b), 432, and 1174, with proof

5   of delivery recorded via the United States Postal Service on March 15, 2021. To date, Plaintiff has

6   not received a response to her request.

7       47.     On April 4, 2021, Plaintiff physically and emotionally broke down and began crying

8   uncontrollably on a bench outside of the Cabazon store. Plaintiff slowly made her way to her car

9   and began hyperventilating and having an emotional breakdown. While Plaintiff was in her car,

10   Von-Velasco called Plaintiff, which exacerbated Plaintiff's emotional breakdown.

11       48.     At that point, Plaintiff tendered her resignation and, due to the aforementioned facts,

12   contends her employment was constructively terminated.

13       49.     WHEREFORE, Plaintiff now requests relief as hereinafter provided.

14                          **FIRST CAUSE OF ACTION**

15              **FAILURE TO PAY OVERTIME AND DOUBLE TIME WAGES**

16                     **(Cal. Lab. Code §§ 510, 1194, and 1198)**

17                          **(Against all Defendants)**

18       50.   . Plaintiff hereby incorporates by reference all other allegations contained in this

19   Complaint as though fully set forth herein.

20       51.     At all times relevant herein, Plaintiff was misclassified as an exempt employee

21   during her employment with Defendants.

22       52.     During the relevant time period, Defendants intentionally and willfully failed to pay

23   overtime wages owed to Plaintiff during the time period(s) upon which Plaintiff worked in excess

24   of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

25       53.     Defendants' failure to pay Plaintiff the unpaid balance of overtime compensation, as

26   required by California laws, violates the provisions of California Labor Code § 510 and 1198 and

27   is therefore unlawful.

28       54.     Such a pattern, practice and uniform administration of corporate policy regarding

-10-
COMPLAINT

1 illegal employee compensation as described herein is unlawful and creates an entitlement to

2 recovery by Plaintiff of the unpaid balance of the full amount of overtime premiums owing,

3 including interest thereon, penalties, attorneys' fees and costs of suit pursuant to the mandate of

4 California Labor Code § 1194.

### SECOND CAUSE OF ACTION

### FAILURE TO PAY MEAL BREAK COMPENSATION

#### (Cal. Lab. Code §§ 226.7, 512(a), and 1198, *et seq.*)

#### (Against all Defendants)

9    55.    Plaintiff hereby incorporates by reference all other allegations contained in this

10 Complaint as though fully set forth herein.

11    56.    At all times herein mentioned the Plaintiff was misclassified as an exempt employee

12 and, therefore, subject to relevant meal period provisions.

13    57.    Plaintiff was not afforded with uninterrupted 30-minute meal periods for every five (5)

14 hours worked or additional 30-minute meal periods for days Plaintiff worked over ten (10) hours, due

15 to the demands and directives of Defendants.

16    58.    Wages are due to employees for "all hours worked" and applicable laws, rules, orders,

17 requirements, and regulations. Plaintiff demands all applicable reimbursement and penalties for her

18 lost meal breaks, in addition to the one-hour's compensation due under the wage order. Further,

19 Plaintiff demands reasonable attorney's fees and costs of suit, pursuant to Labor Code § 218.5.

20    59.    Under California law, meal periods must be recorded unless all operations cease

21 during the scheduled meal periods. Defendants failed to record Plaintiff's meal periods. Plaintiff is

22 not only entitled to compensation for the lost meal periods, but to the extent that Defendants claim

23 that meal periods were taken which are not documented, Plaintiff also seeks all applicable penalties

24 for Defendants' failure to keep accurate time records and to issue Plaintiff accurate earnings

25 statements.

26    60.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

27 ///

28 ///

### THIRD CAUSE OF ACTION

**FAILURE TO PAY REST PERIOD COMPENSATION**

~~(Cal. Lab. Code §§ 226.7, 512(a). and 1198 et seq.)~~

**(Against all Defendants)**

61.     Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth in full.

62.     At all times herein mentioned the Plaintiff was misclassified as an exempt employee and, therefore, subject to relevant rest period provisions.

63.     Plaintiff was not afforded with rest periods during every four-hour period worked due to the demands and directives of Defendants.  The law requires that non-exempt employees be allowed a 10-minute break during every four-hour work period, or major fraction thereof.

64.     In addition, Plaintiff is entitled to recover interest on the unpaid rest period wages do to her.  Further, Plaintiff demands reasonable attorney's fees and costs of suit, pursuant to Labor Code § 218.5, plus all appropriate penalties for the wage and hour violations, in addition to the one-hour's compensation as premium pay as provided for by law.

65.     Plaintiff is not only entitled to compensation for the lost rest periods, but to the extent that Defendants claim that rest periods were taken which are not documented, Plaintiff also seeks all applicable penalties for Defendants' failure to keep accurate time records and to issue Plaintiff accurate earnings statements.

66.     WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION

**RETALIATION AND WRONGFUL TERMINATION**

**(Cal. Lab. Code § 98.6)**

**(Against All Defendants)**

67.     Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth in full.

68.     At all times relevant, Plaintiff was an employee of Defendants and was protected by California Labor Code § 98.6.

69.   At all times set forth in this Complaint, California Labor Code § 98.6 was in effect and provides, in part, that:

"(a) A person shall not discharge an employee or in any manner discriminate, retaliate, or take any adverse action against any employee or applicant for employment because the employee or applicant engaged in any conduct delineated in this chapter, including the conduct described in subdivision (k) of Section 96, and Chapter 5 (commencing with Section 1101) of Part 3 of Division 2, or because the employee or applicant for employment has filed a bona fide complaint or claim or instituted or caused to be instituted any proceeding under or relating to his or her rights that are under the jurisdiction of the Labor Commissioner, made a written or oral complaint that he or she is owed unpaid wages, or because the employee has initiated any action or notice pursuant to Section 2699, or has testified or is about to testify in a proceeding pursuant to that section, or because of the exercise by the employee or applicant for employment on behalf of himself, herself, or others of any rights afforded him or her." *(emphasis added).*

70.   Plaintiff made various complaints and/or disclosures to Defendants concerning Plaintiff's rights under the jurisdiction of the Labor Commissioner. More specifically, Plaintiff complained about her unpaid wages, unpaid overtime, lack of days off and breaks, disclosed information about the working conditions at Defendants' location(s), and reported/complained about safety or health conditions or practices in the workplace.

71.   Thereafter, Plaintiff was warned regarding her performance (without cause) and ultimately, Plaintiff was constructively discharged from her employment with Defendants.

72.   Plaintiff's employment with Defendants was constructively terminated because Plaintiff made bona fide complaints to Defendants.

73.   Defendants acted with malice, oppression, and fraud and in conscious disregard for Plaintiff's rights under the law in violation of Labor Code § 98.6 by terminating Plaintiff's employment in response to Plaintiff's complaints.

74.   As a direct and proximate result of Defendants' malicious, oppressive, fraudulent, and despicable violations of Labor Code § 98.6 as set forth herein, Plaintiff has suffered and

1  continues to suffer loss of wages and other employment benefits for which she is entitled to

2  reimbursement.

3      75.    The wrongful conduct of Defendants described above was intended by Defendants

4  to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants

5  with a willful and conscious disregard of the rights of Plaintiff, subjecting her to cruel and unjust

6  hardship, and was an intentional misrepresentation and concealment of material facts known to

7  Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause

8  injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby

9  entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make

10  an example of Defendants.

11      76.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

12                           **FIFTH CAUSE OF ACTION**

13                   **RETALIATION AND WRONGFUL TERMINATION**

14                           **(Cal. Lab. Code § 232.5)**

15                           **(Against All Defendants)**

16      77.    Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set

17  forth in full.

18      78.    At all times relevant, Plaintiff was an employee of Defendants and was protected by

19  California Labor Code § 232.5.

20      79.    At all times set forth in this Complaint, California Labor Code § 232.5 was in effect

21  and provides, in part, that:

22           No employer may do any of the following:

23                (a) Require, as a condition of employment, that an employee refrain from

24           disclosing information about the employer's working conditions. * * *

25                (c) Discharge, formally discipline, or otherwise discriminate against an

26           employee who discloses information about the employer's working conditions.

27      80.    As detailed above, Plaintiff reported and complained about Defendant's unsafe

28  working conditions and conduct to Defendants, including unpaid wages, unpaid overtime, lack of

---
-14-
COMPLAINT

1  days off and breaks, disclosed information about the working conditions at Defendants' location(s),

2  and reported/complained about safety or health conditions or practices in the workplace.  When

3  Plaintiff made these complaints, she reasonably believed that the acts and conduct of Defendants

4  were a violation of various laws.

5      81.    After Plaintiff had reported and/or made her various disclosures about Defendants,

6  Plaintiff was warned regarding her performance (without cause) and in the weeks thereafter

7  Plaintiff was constructively discharged from her employment with Defendants.

8      82.    Plaintiff's employment with Defendants was constructively terminated because

9  Plaintiff made the aforementioned complaints to Defendants. As such, Plaintiff was constructively

10  terminated in violation of Labor Code § 232.5

11     83.    Defendants acted with malice, oppression, and fraud and in conscious disregard

12  for Plaintiff's rights under the law in violation of Labor Code § 232.5) by terminating Plaintiff's

13  employment in response to Plaintiff's complaints and/or disclosures.

14     84.    As a direct and proximate result of Defendants' malicious, oppressive, fraudulent,

15  and despicable violations of Labor Code § 232.5. as set forth herein, Plaintiff has suffered and

16  continues to suffer loss of wages and other employment benefits for which she is entitled to

17  reimbursement.  As a further direct and proximate result of Defendants' actions, Plaintiff has

18  suffered a loss of employment and is entitled to reinstatement pursuant to Labor Code § 232.5.

19     85.    The wrongful conduct of Defendants described above was intended by Defendants

20  to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants

21  with a willful and conscious disregard of the rights of Plaintiff, subjecting her to cruel and unjust

22  hardship, and was an intentional misrepresentation and concealment of material facts known to

23  Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause

24  injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby

25  entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make

26  an example of Defendants.

27     86.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

28

## SIXTH CAUSE OF ACTION

### RETALIATION AND WRONGFUL TERMINATION

#### (Cal. Lab. Code § 6310)

#### (Against All Defendants)

87.    Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth in full.

88.    At all times relevant, Plaintiff was an employee of Defendants and was protected by California Labor Code § 6310.

89.    At all times set forth in this Complaint, California Labor Code § 6310 was in effect and provides, in part, that:

"(a) No person shall discharge or in any manner discriminate against any employee because the employee has done any of the following:

(1) Made any oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative.

(b) Any employee who is discharged, threatened with discharge, demoted, suspended, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because the employee has made a bona fide oral or written complaint to the division, other governmental agencies having statutory responsibility for or assisting the division with reference to employee safety or health, his or her employer, or his or her representative, of unsafe working conditions, or work practices, in his or her employment or place of employment, or has participated in an employer-employee occupational health and safety committee, shall be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer. (Emphasis added).

90.    As detailed herein above, Plaintiff reported and complained about Defendant's unlawful conduct to Defendants.  When Plaintiff made these complaints and/or disclosures, she

1    reasonably believed that the acts and conduct created a workplace health and safety risk for

2    Plaintiff and her coworkers.

3         91.    After Plaintiff had reported and/or made her various disclosures about Defendants,

4    Plaintiff was warned regarding her performance (without cause) and in the weeks thereafter

5    Plaintiff was constructively discharged from her employment with Defendants.

6         92.    Plaintiff's employment with Defendants was constructively terminated because

7    Plaintiff made bona fide complaints to Defendants and about dangerous and unsafe working

8    conditions to OSHA. As such, Plaintiff was constructively terminated in violation of Labor Code §

9    6310(a), (b).

10        93.    Defendants acted with malice, oppression, and fraud and in conscious disregard

11   for Plaintiff's rights under the law in violation of Labor Code § 6310(a), (b) by terminating

12   Plaintiff's employment in response to Plaintiff's complaints and/or disclosures.

13        94.    As a direct and proximate result of Defendants' malicious, oppressive, fraudulent,

14   and despicable violations of Labor Code § 6310, et seq. as set forth herein, Plaintiff has suffered

15   and continues to suffer loss of wages and other employment benefits for which she is entitled to

16   reimbursement.  As a further direct and proximate result of Defendants' actions, Plaintiff has

17   suffered a loss of employment and is entitled to reinstatement pursuant to Labor Code § 6310, et

18   seq.

19        95.    The wrongful conduct of Defendants described above was intended by Defendants

20   to cause injury to Plaintiff and was despicable, mean, and vile conduct carried on by Defendants

21   with a willful and conscious disregard of the rights of Plaintiff, subjecting her to cruel and unjust

22   hardship, and was an intentional misrepresentation and concealment of material facts known to

23   Defendants with the intent to deprive Plaintiff of property, legal rights, or to otherwise cause

24   injury, such as to constitute malice, oppression, and/or fraud under Civil Code § 3294, thereby

25   entitling Plaintiff to punitive damages in an amount sufficient to punish the Defendants or to make

26   an example of Defendants.

27        96.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

28

**SEVENTH CAUSE OF ACTION**

**RETALIATION AND WRONGFUL TERMINATION**

**(Cal. Lab. Code § 1102.5)**

**(Against All Defendants)**

97.     Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth in full.

98.     At all times set forth in this Complaint, Plaintiff was an employee of Defendants and was protected by California Labor Code § 1102.5.

99.     At all times set forth in this Complaint, California Labor Code § 1102.5 was in effect and provides, in part, that:

   "(a) An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

   (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

   (c) An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

   (d) An employer may not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

100.     As detailed above, Plaintiff engaged in protected activity under Labor Code § 1102.5 when she reported and/or complained about Defendants' unlawful health and safety issues.

101.     Plaintiff had reasonable cause to believe that the information she disclosed constituted violations of state and/or federal laws, rules, and/or regulations.

102.     Shortly after Plaintiff disclosed this unlawful activity, she was given a retaliatory warning (without cause) regarding her job performance, and thereafter she was constructively discharged from her employment with Defendants.

103.     By engaging in this retaliatory conduct and constructively terminating Plaintiff's employment in retaliation for her disclosures of this unlawful conduct, Defendants violated California Labor Code § 1102.5.

104.     Defendants acted with malice, oppression, and fraud and in conscious disregard for Plaintiff's rights under the law, by violating Labor Code § 1102.5, et seq. as is set forth throughout this Complaint.

105.     As a direct and proximate result of Defendants' malicious, oppressive, fraudulent, and despicable violations of Labor Code § 1102.5, et seq. as set forth herein, Plaintiff has suffered and continues to suffer general and special damages.  Pursuant to Civil Code § 3294, an award of punitive damages against Defendants is therefore warranted.

106.     As a result of the illegal conduct of Defendants, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

107.     Additionally, Plaintiff is entitled to a mandatory award of $10,000 as a civil penalty pursuant to Labor Code § 1102.5 as well as reinstatement.

108.     WHEREFORE, Plaintiff requests relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION

## RETALIATION AND WRONGFUL CONSTRUCTIVE TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants)

109.     Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth in full.

110.     California recognizes a common law claim for wrongful termination where the discharge is in violation of a fundamental public policy.

111.     At all times relevant, Plaintiff was an employee of Defendants.

112.    At all times relevant, Defendants were prohibited from retaliating against or terminating an employee based on her complaints about unlawful activity, including complaints regarding violations of California labor laws and violations of health and safety laws.

113.    At all times relevant, the following statutes were in full force and effect and delineated fundamental, substantial, and well-established policies that benefit the public at large rather than private interests and were binding upon Defendants at the time of Plaintiff's employment and termination:

- **Labor Code § 98.6** prohibits retaliation and termination based on an employee's complaints of unpaid wages, or for exercising any rights provided under the Labor Code or Orders of the Industrial Welfare Commission.

- **Labor Code § 232.5** prohibits retaliation and termination based on an employee's complaints about working conditions.

- **Labor Code § 6310** prohibits discrimination against or termination of an employee for reporting unsafe working conditions.

- **Labor Code § 1102.5** prohibits retaliation and termination based on an employee's status as a whistleblower.

114.    As stated throughout this Complaint, Plaintiff was warned, retaliated against and constructively terminated after she reported and/or disclosed Defendants unlawful conduct.

115.    As a direct and proximate result of Defendants' malicious, oppressive, fraudulent, and despicable violations of the Labor Code, as set forth herein, Plaintiff has suffered and continues to suffer general and special damages.  Pursuant to Civil Code § 3294, an award of punitive damages against Defendants is therefore warranted.

116.    As a result of the illegal conduct of Defendants, as alleged herein, Plaintiff is entitled to costs of suit, including reasonable attorneys' fees, in an amount according to proof at trial.

117.    WHEREFORE, Plaintiff prays for relief as set forth below.

///

///

## NINTH CAUSE OF ACTION

## FAILURE TO FURNISH AND MAINTAIN ACCURATE WAGE AND HOUR

## STATEMENTS

### (Cal. Lab. Code §§ 226 and 1174)

### (Against All Defendants)

118.    Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth in full.

119.    At all relevant times herein, California Labor Code § 226(a) provides that every employer shall furnish each of his or her employees an accurate and complete itemized wage statement in writing, including, but not limited to, the name and address of the legal entity that is the employer, the inclusive dates of the pay period, total hours worked, and all applicable rates of pay.

120.    During the relevant time period, Defendants have knowingly and intentionally provided Plaintiff with uniform, incomplete, and inaccurate wage statements. Because Plaintiff was forced to work during all or part of her meal/rest periods and Defendants improperly withheld overtime from Plaintiff, Defendants did not list the correct amount of gross wages earned by Plaintiff. For the same reasons, Defendants failed to list the correct amount of net wages earned by Plaintiff.

121.    Defendants also failed to correctly list all applicable hourly rates in effect during the pay period.

122.    The wage statements provided by Defendants to Plaintiff were deficient.

123.    By causing Plaintiff to work without correct compensation, Defendants have violated the requirement that the total hours worked and all wages earned are included in the wage statement that must be provided to Plaintiff.

124.    Plaintiff was damaged by these failures because, among other things, these failures did not properly reflect all wages owed and due to Plaintiff and prevented Plaintiff from determining the amounts of overtime wages owed to her.

125.    By virtue of Defendants knowing, intentional, and unlawful failure to provide accurate wage statements, Plaintiff has suffered, and will continue to suffer, damages in amounts, which will be ascertained according to proof at trial.

1     126.    Plaintiff is entitled to recover from Defendants the greater of her actual damages

2   caused by Defendants' failure to comply with California Labor Code § 226(a), or an aggregate

3   penalty not exceeding four thousand dollars ($4,000).

4     127.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

**TENTH CAUSE OF ACTION**

**FAILURE TO PAY WAGES UPON DISCHARGE**

**(Cal. Lab. Code §§ 201 and 202, *et seq.*)**

**(Against All Defendants)**

9     128.    Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth

10   in full.

11    129.    Pursuant to California Labor Code § 201, upon the ending of Plaintiff's employment

12   with Defendants, Defendants were required to pay Plaintiff all earned wages. At the time of the

13   ending of Plaintiff's employment, Plaintiff had unpaid wages.  In violations of Labor Code § 201,

14   Defendants failed to pay Plaintiff all wages due and owing to her, in amounts to be proven at the time

15   of trial, but not in excess of the jurisdiction of this Court.

16    130.    Defendants' failure to pay Plaintiff the wages due and owing to her was willful, and

17   done with the wrongful and deliberate intention of injuring Plaintiff, from improper motives

18   amounting to malice, and in conscious disregard of Plaintiff's rights.  Plaintiff is thus entitled to

19   recover nominal, actual, compensatory, and liquidated damages in amounts according to proof at time

20   of trial, but not in amounts in excess of the jurisdiction of this Court.

21    131.    Defendants' willful failure to pay Plaintiff the wages due and owing to her constitutes

22   violations of Labor Code §§ 201 and 203, which provides that an employee's wages will continue as

23   a penalty for up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff is entitled

24   to statutory penalties pursuant to Labor Code § 203.

25    132.    WHEREFORE, Plaintiff requests relief as hereinafter provided.

26   ///

27   ///

28   //

-22-

COMPLAINT

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17200, *ET SEQ.*

### (Against All Defendants)

133.    Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth in full.

134.    Defendants are a "person" as defined by California Business & Professions Code sections 17201, as they are corporations, firms, partnerships, joint stock companies, and/or associations.

135.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, and harmful to Plaintiff and to the general public. Plaintiff has suffered injury in fact and has lost money as a result of Defendants' unfair business practices. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

136.    Defendants' activities, namely Defendants' company-wide practice and/or policy of not paying Plaintiff all meal and rest period premium wages due to her under Labor Code section 226.7, deprived Plaintiff of the compensation guarantee and enhanced enforcement implemented by section 226.7. The statutory remedy provided by section 226.7 is a "'dual-purpose' remedy intended primarily to compensate employees, and secondarily to shape employer conduct. *Safeway, Inc. v. Superior Court*, 238 Cal. App. 4th 1138, 1149 (2015). The statutory benefits of section 226.7 were guaranteed to Plaintiff as part of her employment with Defendants, and thus Defendants' practice and/or policy of denying these statutory benefits constitutes an unfair business practice in violation of California Business & Professions Code sections 17200 *et seq. (Id.)*

137.    A violation of California Business & Professions Code sections 17200 *et seq.* may be predicated on any unfair business practice. In the instant case, Defendants' policies and practices have violated the spirit of California's meal and rest break laws and constitute acts against the public policy behind these laws.

138.    Pursuant to California Business & Professions Code sections 17200 *et seq.*, Plaintiff is entitled to restitution for the loss of the statutory benefits implemented by section 226.7 withheld and retained by Defendants during a period that commences four years prior to the filing of this

1   complaint; a permanent injunction requiring Defendants to pay all statutory benefits implemented by

2   § 226.7 due to Plaintiff; an award of attorneys' fees pursuant to California Code of Civil Procedure §

3   1021.5 and other applicable laws; and an award of costs.

4        139.   WHEREFORE, Plaintiff requests relief as hereinafter provided.

5                          **TWELFTH CAUSE OF ACTION**

6                          **WAITING TIME PENALTIES**

7                     **(Cal. Lab. Code §§ 201, 202, & 203)**

8                          **(Against All Defendants)**

9        140.   Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth

10  in full.

11       141.   Sections 201 and 202 of the California Labor Code require employers to promptly pay

12  all wages due to an employee after said employee is discharged or quits.

13       142.   Labor Code § 203 provides a penalty for the willful failure to pay all wages due to an

14  employee who is discharged or quits.  This penalty consists of an amount equal to the sum of the

15  employee's wages at the employee's prior rate of pay, until the unpaid wages are paid, in an amount

16  not to exceed the equivalent of 30 days' pay.

17       143.   While employed by Defendants, Plaintiff was entitled to, among other things,

18  compensation for all hours worked, including overtime, and meal and rest period premiums.

19       144.   Defendants failed to timely pay all wages due to Plaintiff who was constructively

20  terminated by Defendants.

21       145.   Plaintiff is therefore entitled to penalties against Defendants, in an amount to be

22  determined at trial, pursuant to Labor Code § 203, which provides that an employee's wages shall

23  continue as a penalty until paid, for a period of up to thirty (30) days from the time they were due.

24       146.   WHEREFORE, Plaintiff prays for relief as set forth below.

25  ///

26  ///

27  ///

28  ///

## **THIRTEENTH CAUSE OF ACTION**

### **FAILURE TO PROVIDE PERSONNEL RECORDS**

#### (Cal. Lab. Code §§ 226, 432, & 1198.5)

#### (Against All Defendants)

147.    Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth in full.

148.    Labor Code § 226(c) requires that an employer who receives a written or oral request to inspect or receive a copy of records pertaining to the employee's employment, "shall comply with the request as soon as practicable, but no later than 21 calendar days form the date of the request."

149.    Labor Code § 432 states: "If an employee or applicant signs any instrument relating to the obtaining or holding of employment, he shall be given a copy of the instrument upon request."

150.    Labor Code § 1198.5(b)(1) provides in pertinent part: "Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records, at a charge not to exceed the actual cost of reproduction, not later than 30 calendar days from the date the employer receives the request…"

151.    On March 11, 2021, Plaintiff requested inspection of and/or copies of her personnel file and time records via certified mail with electronic receipt. The United States Postal Service provided a Certified Mail Return Receipt, indicating receipt of Plaintiff's request on March 15, 2021.

152.    To date, Plaintiff has not been granted access to and has not received a copy of her personnel file or time records. Defendants' conduct is in violation of the applicable Labor Code provisions, and Plaintiff seeks penalties and injunctive relief to ensure compliance.

153.    Pursuant to Labor Code §§ 226(f) and 1198.5(k), Plaintiff is entitled to penalties against Defendants, in an amount to be determined at trial. As a result of the aforementioned failures by Defendants, Plaintiff is entitled to a seven-hundred and fifty dollar ($750) penalty from Defendants.

154.    Additionally, pursuant to Labor Code §§ 226(h) and 1198.5(l), Plaintiff is entitled to recover costs and reasonable attorney's fees.

**FOURTEENTH CAUSE OF ACTION**

**VIOLATION OF THE PRIVATE ATTORNEY GENERAL ACT OF 2004**

(Against All Defendants)

155.    Plaintiff hereby incorporate all other paragraphs of this complaint herein as if set forth in full.

156.    Plaintiff is an aggrieved employee as defined in Labor Code § 2699(c).  Other employees have been aggrieved based upon Defendants' egregious violations of the California Labor Code and Business & Professions Code.  As a result, Plaintiff brings this cause of action on behalf of herself and other current and former employees of Defendants for the violations alleged in this Complaint.

157.    Defendants are in violation of the following Labor Code provisions:

- California Labor code §§ 201, 202, and 203 (Wages Not Timely Paid Upon Termination);
- California Labor Code § 204 (Wages Not Timely Paid During Employment);
- California Labor Code § 223 (Paying Less Wages than Required by Statute or Contract);
- California Labor Code § 226 (Non-compliant Wage Statements);
- California Labor Code § 226(c) (Failure to Timely Provide a Copy of Records);
- California Labor Code §§ 226.7, 512, and 558 (Missed Meal and Rest Breaks);
- California Labor Code § 226.8 (Willful Misclassification);
- California Labor Code §§ 510 and 558 (Unpaid Wages for Overtime);
- California Labor Code §§ 1174 (Failure to Keep Accurate Records); and
- California Labor Code §§ 1194 (Underpayment of Wages).

158.    Pursuant to Labor Code § 2699 et seq., Plaintiff seeks to recover civil penalties under Labor Code § 2699(f) and Labor Code § 558 for which Defendants are liable as a result of its violations of the aforementioned Labor Code sections and Business & Professions Code sections in an amount to be proven at trial.

159.    Plaintiff has exhausted all obligations under Labor Code § 2699.3(a).  On June 22, 2021, Plaintiff gave written notice by electronic submission and certified mail to the Labor Workforce Development Agency and Defendants of the specific provisions of this code and included the facts and theories to support the alleged violations.  Sixty-five (65) calendar days have passed since the postmark date of the notices and Plaintiff may commence a civil action pursuant to Labor Code § 2699.

160.    As a proximate result of the actions and conduct described in the paragraphs above, which constitute violations of certain Labor Code sections and Business & Professions Code sections, Plaintiff and all other aggrieved employees, have been damaged in an amount according to proof at the time of trial, and seeks civil penalties and attorney fees via Labor Code §§ 2699(f) and (g) against Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff further prays that this Court:

1.    For actual damages, including loss of past and future earnings, in an amount according to proof at trial;

2.    For general and special damages, including but not limited to, pain and suffering, emotional distress, and loss of reputation in an amount according to proof at trial;

3.    For consequential and incidental damages and expenses in an amount according to proof at trial;

4.    For all unpaid wages and expenses according to proof at trial;

5.    For punitive damages in an amount according to proof at trial;

6.    For reasonable attorneys' fees according to proof at trial;

7.    For any and all penalties under the law;

8.    Damages for consequential financial losses, medical bills, and additional emotional distress damages, increasing with each day, as described above in an amount to be determined by the jury at the trial of this matter;

9.    A temporary, preliminary, and permanent injunction enjoining Defendants' unfair and illegal practices as described above;

10.    Damages pursuant to California Code of Civil Procedure § 1021.5, for litigation

1   costs, expert costs, and attorneys' fees incurred herein;

2   11.   For pre-judgment and post-judgment interest, all at the legal prevailing rate;

3   12.   For costs of suit incurred herein; and

4   13.   For such other and further relief as the court may deem just, proper, and equitable.

5

6   Dated:  December 22, 2021                OPTIMUM EMPLOYMENT LAWYERS

7

8

9   By: _____

10                DEAN S. HO, ESQ.

11

12                Attorney for Plaintiff
                  RACHEL MOSLEY

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

3        Plaintiff hereby requests that this action be tried before a jury.

4

5   Dated:  December 22, 2021                **OPTIMUM EMPLOYMENT LAWYERS**

6

7

8                                        By: _____

9                                             DEAN S. HO, ESQ.

10

11                                           Attorney for Plaintiff
                                             RACHEL MOSLEY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-29-
COMPLAINT